UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


CHRISTOPHER LACCINOLE

    v.                                                                No. 13-716 ML

TWIN OAKS SOFTWARE
DEVELOPMENT, INC.


## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's, Twin Oaks Software Development, Inc. ("Defendant"), motion for an award of attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and for an award of costs pursuant to Fed. R. Civ. P. 54(d)(1). Plaintiff, Christopher Laccinole ("Plaintiff"), proceeding pro se, has filed an objection to the motion.[1]

### I. Background

Plaintiff brought suit against Defendant alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1-1, et seq. See Docket #1. The Magistrate Judge recommended that this Court grant Defendant's motion for summary judgment. Id. at #42. This Court adopted the Magistrate Judge's report and recommendation and granted Defendant's motion. Id. at #49. Plaintiff appealed the Court's decision. Id. at #58. The First Circuit subsequently affirmed that decision. Laccinole v. Twin Oaks Software Development, Inc., No.

---

[1]Because Plaintiff is pro se, the Court reads Plaintiff's pleadings liberally; Plaintiff, however, is not excused from complying with procedural and substantive law. Aguasvivas-Castillo v. United States, 49 F. Supp. 3d 167 (D.P.R. 2014), aff'd, 668 F.3d 7 (1st Cir. 2012).

1

14-1705 (1st Cir. April 27, 2015).

## II.  15 U.S.C. § 1692k(a)(3)

Section 1692k(a)(3) of Title 15 of the United States Codes provides, in part, that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."  Id.  "One of the purposes of 15 U.S.C. § 1692k(a)(3) is to thwart efforts of a consumer to abuse the statute. . . ."  Scroggin v. Credit Bureau of Jonesboro, Inc., 973 F. Supp. 2d 961, 980 (E.D. Ark. 2013) (internal quotation marks and citation omitted), aff'd, 576 F. App'x 632 (8th Cir. 2014).  In order to recover fees, Defendant carries the burden of proof and must establish both that the suit was brought in bad faith and that the suit was instituted for the purpose of harassment.  Akoundi v. FMS, Inc., No. 14 Civ. 366 (RWS), 2014 WL 6603916 (S.D.N.Y. Nov. 14, 2014); see also Crain v. Credit Protection Assn., No. 3:09-CV-2353-D, 2010 WL 2976127 (N.D. Tex. June 30, 2010) (defendant must be a prevailing party to recover fees), report and recommendation adopted, 2010 WL 2976120 (N.D. Tex. July 28, 2010).  This is a "particularly difficult standard to meet."  Branco v. Credit Collections Services, Inc., No. 2:10-cv-03940-MCE-EFB, 2012 WL 1143562, at *1 (E.D. Cal. 2012).

In determining whether an action was brought in bad faith and for the purpose of harassment, some courts employ a "reasonable investigation" standard.  "When a reasonable investigation would reveal that . . . available evidence [does] not support a Federal Fair Debt Collections Practices Act claim, pursuit of such a claim is in bad faith."  Jacobs v. OCWEN Loan Servicing, LLC., Civil Action No. 13-cv-02518-REB-BNB, 2015 WL 1433233, at *3 (D. Colo. March 26, 2015); see also Nguyen v. Capital One Bank (USA), N.A., No. 4:13-CV-1140 (CEJ),

2014 WL 1344512 (E.D. Mo. April 4, 2014) (for an award under § 1692k(a)(3) to be made, there must be evidence that the plaintiff knew that the claim was meritless and that the plaintiff pursued the claim with a purpose of harassing the defendant); Rink v. Bernhardt & Strawser P.A., No. 3:12-cv-675-RJC-DCK, 2014 WL 113577, at *1 (W.D.N.C. Jan. 10, 2014) (internal quotation marks omitted) (bad faith can be shown where "the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass . . . rather than to obtain a favorable judgment"). Other courts require a showing of "conscious wrongdoing." See Cunningham v. Credit Management, L.P., Civil Action No. 3:09-CV-1497-G (BF), 2010 WL 3791049 (N.D. Tex. Sept. 27, 2010) (in order to establish bad faith and harassment, the defendant must show the plaintiff's conscious wrongdoing because of a dishonest purpose or moral obliquity). An individual's prior litigation history may lead a court to conclude that the litigant brought a claim in bad faith and for the purpose of harassment. See Crooker v. Delta Management Associates, Inc., Civil No. 1:CV-10-0101, 2010 WL 1390868 (M.D. Pa. April 1, 2010).

The decision whether to award fees under § 1692k(a)(3) is within the Court's discretion. Philhower v. Express Recovery Services, Inc., No. 2:12-cv-01193 DN, 2014 WL 1648724 (D. Utah April 23, 2014). Even where a defendant successfully meets the burden of proving that the action was brought in bad faith and for the purpose of harassment, the Court retains the discretion to decide whether to award attorney fees. Id. Section 1692k(a)(3) is construed narrowly so as not to discourage private litigation under the FDCPA. Nguyen, 2014 WL 1344512.

### III. Analysis

Defendant argues that Plaintiff was aware, prior to filing suit, that he was not in default when he was contacted by Defendant and that Plaintiff was not deceived by any actions taken by Defendant. Thus, Defendant concludes, Plaintiff acted in bad faith and for the purpose of harassment because he was cognizant that his lawsuit had no merit *before* he filed it. Defendant contends that Plaintiff's intent to harass is also evidenced by the five prior cases that Plaintiff has brought in this District, claiming violations of the FDCPA, that have all been dismissed prior to an answer having been filed.[2] Defendant argues, but offers no evidence, that Plaintiff's intent in filing this lawsuit was simply to obtain a nuisance value settlement from Defendant.

Plaintiff states that he "has no idea how his actions . . . even approached harassment." Plaintiff's Memorandum in Support of Objection to Defendant's Motion at 17; Docket #61. Plaintiff maintains that his actions were not in bad faith because he has always behaved in a "professional" manner and his "decorum" with Defense counsel has been "cordial" and "polite." Id. at 7.

Where "the plaintiff is a pro se litigant . . . courts should afford greater leniency and rarely award attorneys' fees." Scott-Blanton v. Universal City Studios Productions LLLP, 593 F. Supp. 2d 171, 175 (D.D.C. 2009). This case, like Rink, 2014 WL 113577, is a close call.

> Plaintiff's [positions], however, absurd, evince a belief that he could somehow prevail by pursuing his particular legal strategy. The legal standard here is bad faith, not bad pro se lawyering, and it requires an objective showing of a subjective intent to proceed for the purpose of harassment and without hope of success. [Plaintiff was]

---

[2]In addition to these cases, Plaintiff also has 6 active cases pending in this Court. See Laccinole v. Cavalry Portfolio Services, LLC, No. 15-141 (removed on April 7, 2015) (complaint alleges, among other things, violations of FDCPA); Laccinole v. Assad, No. 14-404 (filed September 11, 2014) (complaint alleges, among other things, violations of FDCPA); Laccinole v. Assad, No. 14-447 (removed October 9, 2014) (complaint alleges, among other things, violations of FDCPA); Laccinole v. Assad, No. 14-508 (removed November 25, 2014) (complaint alleges, among other things, violations of FDCPA); Laccinole v. Recovery Resources, LLC, 14-455 (removed November 14, 2014) (complaint alleges, among other things, violations of FDCPA); Laccinole v. Collect America, LTD, No. 15-131 (removed April 2, 2015) (complaint alleges, among other things, violations of FDCPA).

defiant and litigious . . . [and] sought to prevail on his case. Ultimately, Plaintiff is saved by the [narrow construction that this Court must give the statute, the] deference accorded by courts to pro se plaintiffs[,] and the Court's discretion in whether (or not) to award such fees.

Id. at *2. This Court declines to award counsel fees to Defendant.

Plaintiff's pro se status, however, does "not afford him license to bring claims that are frivolous, vexatious or without chance of success." Id. Although the Court finds that an award of attorney's fees is not justified in this particular instance, the Court concludes, as did the First Circuit, that Plaintiff "has come perilously close to the border" of making and prosecuting a bad faith claim. Laccinole v. Twin Oaks Software Development, Inc., No. 14-705, slip. op. at 2 (1st Cir. April 27, 2015). Plaintiff is now forewarned that he can no longer ignore pertinent law or facts without consequence. Plaintiff should keep this admonition in mind with respect to the other matters he has filed in this District and any litigation he may bring in the future.

IV. Costs

Defendant requests reimbursement of $85 in costs pursuant to Fed. R. Civ. P. 54(d)(1). The award of costs is governed by the "tandem operation" of 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1). Merigan v. Liberty Life Assurance Co., 839 F. Supp. 2d 445, 448 (D. Mass. 2012). Defendant requests reimbursement for parking charges – however those charges may not be taxed as costs. See 28 U.S.C. § 1920; see generally E8 Pharmaceuticals, LLC v. Affymetrix, Inc., Civil Action No. 08-11132-GAO, 2014 WL 4964385 (D. Mass. Sept. 30, 2014); Cohen v. City of Newton, Civil Action No. 2005-11727-RBC, 2010 WL 1568820 (D. Mass. April 19, 2010) . Defendant also requests reimbursement for transcripts yet it presents no information to allow the Court to determine whether the transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Therefore, the Court denies the request for costs of the transcripts.

5

## V. Conclusion

For the reasons stated above, Defendant's motion for attorney's fees and for costs is denied.

SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge
June 17, 2015